IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **MAURICE PARRISH,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 5:19-00580 |
| **SEVERAL JOHN DOE,** *et al.*, | ) |
| **Defendants.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice.

## PROCEDURE AND FACTS

On August 7, 2019, Plaintiff, acting *pro se* and incarcerated at FCI Beckley, filed his Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document No. 1.) As Defendants, Plaintiff names "several John Does," who are staff members of FCI Beckley. (Id.) Plaintiff appears to allege that Defendants violated his constitutional rights by "defacing" or making "blasphemous graffiti" in his Quran.[2] (Id.) As an Exhibit, Plaintiff

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Notwithstanding the undersigned's recommendation of dismissal for failure to prosecute, the undersigned will briefly consider the merits of Plaintiff's claim as stated in his initial Complaint. Courts deem inmates' claims respecting prison officials' intentional deprivation of their property cognizable under *Bivens* to the extent that due process rights are implicated. In the instant case, however, there is no allegation that Defendants actually deprived Plaintiff of his personal property. (Document No. 1.) Plaintiff merely complains that Defendants made "blasphemous"

attached a copy of three pages of his Quran with the following comments wrote on the pages: (1) "Allah loves the cock;" (2) "Your virgins are little boys;" and (3) "I love pig balls." (Id., pp. 4 – 6.)

Following an initial screening of Plaintiff's case, the undersigned entered an Order on August 8, 2019, directing Plaintiff to amend his Complaint to name individual defendants and state specific facts as to how each defendant violated his constitutional rights. (Document No. 3.) The undersigned advised Plaintiff as follows:

> If a Plaintiff is unaware of the names of the relevant individuals, a plaintiff should designate in the case caption each individual whose name is unknown as a John Doe or Jane Doe (e.g. Correctional Officer John Doe) and shall further identify each individual in the body of the Amended Complaint by description, date/time of contact, alleged act, or in some other manner that assists the court in determining the identity and number of individual defendants in the action, as well as the specific reason that each individual defendant is included in the Amended Complaint.

(Id.) Next, the undersigned notified Plaintiff that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996) ["PLRA"], requires that inmates exhaust available administrative remedies ***prior*** to filing civil actions. (Id.) Third, the Court further notified Plaintiff that he must either pay the Court's filing fee ($350) and administrative fee ($50) totaling $400, or file an Application to

---

marking on certain pages of his Quran. Although the Court does not condone such distasteful conduct, such does not result in a constitutional violation. Further, even assuming Defendants actually destroyed or deprived Plaintiff of his personal property, the undersigned finds that the circumstances do not implicate a violation of Plaintiff's constitutional rights. Plaintiff has meaningful post-deprivation remedies through the BOP's Administrative Remedies Program. *See Manning v. Booth*, 2005 WL 1200122, *2 (D.Md. May 20, 2005)("In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy."); *Bigbee v. United States*, 359 F.Supp.2d 806 (W.D. Wis. 2005); *cf. Laury v. Greenfield*, 87 F.Supp.2d 1210, 1214 - 1215 (D.Kan. 2000), *quoting Burton-Bey v. United States*, 100 F.3d 967, 1996 WL 654457 (10th Cir.(Kan.))(Defendants negligent or intentional deprivation of plaintiff's property does not violate due process if there is a meaningful post-deprivation remedy for the loss.) Accordingly, to the extent Plaintiff's is asserting a *Bivens* claim, such should be dismissed.

Proceed Without Prepayment of Fees. (Id.) Finally, the undersigned notified Plaintiff that failure to comply with the above requirements by September 9, 2019, "will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.)

On September 11, 2019, Plaintiff filed his Application to Proceed Without Prepayment of Fees and a Motion for Appointment of Counsel. (Document Nos. 4 and 5.) In his Motion for Appointment of Counsel, Plaintiff requested that the Court appoint counsel to "assist [him] in retaining the forensics." (Document No. 4.) Plaintiff alleged that BOP staff defaced his Quran and he needs counsel to assist him in obtaining fingerprints to identify the perpetrator. (Id.) Although Plaintiff complained about the length of time it takes to proceed through the administrative remedy process, Plaintiff acknowledged that he was currently exhausting his administrative remedies. (Id.) By Order entered on September 13, 2019, the undersigned denied Plaintiff's Motion for Appointment of Counsel. (Document No. 6.) The undersigned again notified Plaintiff that the PLRA requires that inmates exhaust available administrative remedies *prior* to filing civil actions. (Id.) A review of the record reveals that Plaintiff has not filed his Amended Complaint, which this Court directed him to file more than ten months ago.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[3] See

---

[3] Rule 41(b) of the Federal Rules of Civil Procedure provides:
    **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to

Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular

---

dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Since September 11, 2019, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action. Plaintiff failed to file his Amended Complaint despite his receipt of the Court's Orders dated August 8, 2019 and September 13, 2019. (Document Nos. 3 and 6.) The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals no prejudice to the Defendants. No defendant has been served with process in the above case. With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has failed to take any action in these proceedings for more than ten months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An

5

assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Court's Order directing a response by Plaintiff. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[4] unless Plaintiff is able to show good cause for his failure to prosecute.

### PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1) without prejudice, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

---

[4] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that Plaintiff initiated this action in bad faith. *See Hanshaw*, 2014 WL 4063828, at * 5.

6

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: July 23, 2020.

Omar J. Aboulhosn
United States Magistrate Judge